# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JESUS RENE GONZALEZ,<br>*Petitioner*,<br>vs.<br>D.W. NEVEN, *et al.,*<br>*Respondents.* | No. 2:14-cv-00471-GMN-VCF<br><br>ORDER |

    This habeas action by a Nevada state inmate comes before the Court on petitioner's application (#1) to proceed *in forma pauperis* and motion (#2) for appointment of counsel, as well as for initial review under Rule 4 of the Rules Governing Section 2254 Cases.

## *Pauper Application*

    The pauper application is incomplete and will be denied without prejudice. Petitioner did not attach the financial documents required for an inmate to demonstrate pauper status. Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2, a petitioner must attach both an inmate account statement for the past six months and a properly executed financial certificate with the pauper application. Petitioner attached neither.

    The defects in the pauper application must be corrected before the action will proceed forward. However, as discussed further below, the Court finds that a provisional grant of the motion for appointment of counsel is in the interests of justice, assuming financial eligibility.

    However, petitioner still must timely: (a) pay the filing fee or submit a proper pauper application; and (b) even if he pays the fee, submit sufficient financial materials – including a

current inmate account statement – confirming his financial eligibility for appointment of counsel. If he fails to timely pay the filing fee or submit a proper pauper application, the action will be dismissed without further advance notice. If he fails to confirm his financial eligibility, the provisional appointment of counsel will not be confirmed.

With these qualifications, the Court turns to the motion for appointment of counsel.

### *Appointment of Counsel*

The Court finds, on the current record, that appointment of counsel is in the interests of justice, considering, *inter alia*: (a) allegations in the petition suggesting that Spanish may be petitioner's primary language, which is at least in part corroborated by the fact that petitioner pled guilty in state court through an interpreter; (b) the lengthy sentence structure of two consecutive sentences of ten to life; (c) the number and complexity of the potential procedural and substantive issues; (d) the possibility that petitioner may have failed to timely file the federal petition by a relatively short interval of approximately 30 days; and (e) the possibility that the Ninth Circuit's ruling in the pending appeal in *Orpiada* may have a bearing on any tolling arguments to be advanced herein, at least in conjunction with other tolling arguments.[1]

The motion for appointment of counsel therefore will be provisionally granted, subject both to timely satisfaction of the filing fee requirement and confirmation of petitioner's financial eligibility for appointment of counsel.

---

[1] In *Orpiada*, the Ninth Circuit may be addressing the issue of whether the prison mailbox rule is used – for the purposes of applying federal law in 28 U.S.C. § 2244(d)(2) – in determining a constructive filing date of the state post-conviction petition for tolling purposes under federal law. This issue potentially will be before the Ninth Circuit in *Orpiada v. McDaniel*, which is docketed under No. 12-17131 in the Court of Appeals and No. 3:11-cv-00013-RCJ-VPC in this Court. Judge Jones held in *Orpiada* that the prison mailbox rule does not apply in this context in Nevada cases given that the prison mailbox rule does not apply to determine the filing date of a state petition to determine the timeliness of the petition under state law. A number of prior orders have suggested to the contrary that, the state law rule notwithstanding, the prison mailbox rule nonetheless applies in determining the filing date of the state petition for purposes of applying the federal law tolling rule under § 2244(d)(2). *See, e.g., Woods v. Nevens*, No. 2:07-cv-01389-LRH-RJJ, #32, at 2 n.4 (D. Nev. April 7, 2009). It would appear that *Orpiada* may produce a controlling holding on the issue by the Ninth Circuit. The pending issue in *Orpiada* provides an additional factor weighing in favor of appointing counsel and developing a full record in this matter, while *Orpiada* also is under consideration, prior to rendering a definitive ruling on any timeliness issue.

**IT IS THEREFORE ORDERED** that the application ( #1) to proceed *in forma pauperis* is **DENIED without prejudice**. Petitioner shall have **thirty (30) days** within which to either pay the $5.00 filing fee or submit a properly-completed pauper application. This action will be **DISMISSED without further advance notice if he fails to do so.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall file the petition.

**IT IS FURTHER ORDERED** that the motion (#2) for appointment of counsel is **provisionally GRANTED** as per the remaining provisions below. The counsel appointed will represent petitioner in all proceedings related to this matter, including any appeals or *certiorari* proceedings, unless allowed to withdraw. The provisional grant of the motion is subject to petitioner, within **thirty (30) days** of entry of this order: (a) satisfying the filing fee requirement, as directed above; and (b) if a properly-completed pauper application is not filed, filing a current inmate account statement confirming his financial eligibility under 18 U.S.C. § 3006A.

**IT IS FURTHER ORDERED** that the Federal Public Defender shall be provisionally appointed as counsel and shall have **thirty (30) days** to undertake direct representation of petitioner or to indicate an inability to do so. If the Federal Public Defender is unable to represent petitioner, the Court then shall appoint alternate counsel. A deadline for the filing of an amended petition and/or seeking other relief will be set after counsel has entered an appearance. The Court anticipates setting the deadline, taking into account the potential issues presented, for approximately one hundred twenty (120) days from entry of the formal order of appointment. Any deadline established and/or any extension thereof will not signify any implied finding of a basis for tolling during the time period established. Petitioner at all times remains responsible for calculating the running of the federal limitation period and timely presenting claims. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the Court makes no finding or representation that the petition, any amendments thereto, and/or any claims contained therein are not subject to dismissal as untimely. *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

**IT IS FURTHER ORDERED** , so that the respondents may be electronically served

1  with any papers filed through counsel, that the Clerk shall add Attorney General Catherine
2  Cortez Masto as counsel for respondents and shall make informal electronic service of this order
3  upon respondents by directing a notice of electronic filing to her.  Respondents' counsel shall
4  enter a notice of appearance within **twenty-one (21) days** of entry of this order, but no further
5  response shall be required from respondents until further order of this Court.
6       **IT IS FURTHER ORDERED** that counsel additionally shall send a hard copy of all
7  state court record and related exhibits that are filed to, for this case, the **Reno Clerk's Office**.
8       The Clerk accordingly shall SEND a copy of this order to the *pro se* petitioner (along
9  with a copy of the papers that he submitted), the Nevada Attorney General, the Federal Public
10 Defender, and the CJA Coordinator for this Division. The Clerk further shall regenerate notices
11 of electronic filing of all prior filings herein to both the Nevada Attorney General and the
12 Federal Public Defender.
13      **DATED** this __8__ day of April. 2014.

                                            Gloria M. Navarro, Chief Judge
                                            United States District Court