UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| JESUS RENE GONZALEZ, | ) | |
| Petitioner, | ) | 2:14-cv-00471-GMN-VCF |
| vs. | ) | **ORDER** |
| D.W. NEVEN, *et al.*, | ) | |
| Respondents. | ) | |

This is a habeas corpus proceeding under 28 U.S.C. § 2254 brought by Jesus Rene Gonzalez, a Nevada prisoner. On March 20, 2015, respondents filed a motion to dismiss Gonzalez's petition as untimely. ECF No. 15. This order decides that motion.

I. PROCEDURAL BACKGROUND

With his petition, Gonzalez seeks to challenge a conviction and sentence imposed by the state district court for Clark County, Nevada. On January 31, 2008, petitioner Gonzalez entered a guilty plea to the charge of second degree murder with use of a deadly weapon. On March 25, 2008, the state district court entered a judgment of conviction sentencing Gonzalez to consecutive sentences of life with the possibility of parole after ten years.

Gonzalez did not appeal the conviction, but on March 16, 2009, he filed state petition for writ of habeas corpus. The state district court entered an order denying the petition on July 23, 2012. Gonzalez appealed.

On September 6, 2012, the Nevada Supreme Court remanded the proceeding to the state district court for appointment of counsel. After briefing, the Nevada Supreme Court affirmed the lower court's denial of relief on December 17, 2013, with the remittitur issued on January 13, 2014. Gonzalez mailed the federal petition initiating this case on March 25, 2014.

## II.  TIMELINESS

This action is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA). AEDPA imposes a one-year filing period for § 2254 habeas petitions in federal court. 28 U.S.C. § 2244(d)(1). The one-year period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's state court conviction became final (by either the conclusion of direct appellate review or the expiration of time for seeking such review). *Id.* Statutory tolling of the one-year time limitation occurs while a "properly filed" state post-conviction proceeding or other collateral review is pending. 28 U.S.C. § 2244(d)(2).

Gonzalez concedes that his one-year statutory period under § 2244(d)(1) expired on February 20, 2014, but he did not file his federal petition until March 25, 2014. He argues, however, that he is entitled to equitable tolling to excuse his failure to file within the one-year period.

Equitable tolling is appropriate only if the petitioner can show: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. *Holland v. Florida*, 130 S.Ct. 2549, 1085 (2010). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999), and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." *Miranda*, 292 F.3d at 1065.

Gonzalez identifies the following as extraordinary circumstances that warrant equitable tolling for his petition: (1) his trial attorney's failure to advise him of his right to appeal his

conviction or pursue post-conviction relief, (2) his placement in administrative segregation for fourteen months beginning in February 2009, and (3) his post-conviction attorney's failure to advise him of the Nevada Supreme Court's decision to deny post-conviction relief or the time limit for filing a federal petition.

"Equitable tolling may be warranted in instances of unprofessional attorney behavior; however, the AEDPA deadline will not be tolled for a garden variety claim of excusable attorney neglect or mistake." *Doe v. Busby*, 661 F.3d 1001, 1011-12 (9th Cir. 2011) (citing *Spitsyn v. Moore*, 345 F.3d 796, 800-02 (9th Cir. 2003)); *see also Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("[T]he principles of equitable tolling described above do not extend to what is at best a garden variety claim of excusable neglect."). The attorney conduct must be "sufficiently egregious" to warrant equitable tolling. *Spitsyn*, 345 F.3d at 801.

In *Spitsyn*, the petitioner Spitsyn retained an attorney a full year in advance of the deadline, but the attorney failed to prepare or file a petition despite numerous requests by both Spitsyn and Spitsyn's mother and a grievance filed with the state bar association complaining about the lack of response. *Id*. at 798. In addition, the attorney did not turn over Spitsyn's file to him until "almost three months after Spitsyn requested it, more than two months after the limitations period had run, and not until after a disciplinary investigation was commenced by the bar. *Id*.

Here, even taking Gonzalez's allegations as true, his trial attorney's failure to advise him of his right to a direct appeal and his state post-conviction counsel's failure to notify him of the Nevada Supreme Court's decision to deny relief are examples of ordinary attorney negligence. The alleged conduct does not amount to an extraordinary circumstance that warrants equitable tolling. *See Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir.2001) ("We conclude that the miscalculation of the limitations period by Frye's counsel and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling."); *Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir.2000) (AEDPA statute of limitations not equitably tolled by lawyer's mistake resulting in

3

missed deadline, because such a mistake is not an extraordinary circumstance); *Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999) (concluding that, to the extent any equitable tolling is available for AEDPA, no tolling occurred because of a lawyer's mistake resulting in a missed deadline).

The remaining factor – Gonzalez's placement in administrative segregation – fails because Gonzalez does not explain how it prevented his timely filing of his federal petition. Notwithstanding his restrictive confinement beginning in February of 2009, he initiated his counseled state post-conviction proceeding the following month. That proceeding remained pending, and thus tolled the statutory period, for the duration of his stay in segregation. Thus, Gonzalez is not entitled to equitable tolling because there is no causal nexus between this alleged "extraordinary circumstance" and the late filing of is habeas petition.

**IT IS THEREFORE ORDERED** that respondents' motion to dismiss (ECF No. 15) is GRANTED. The first amended petition for writ of habeas corpus (ECF No. 10) is DISMISSED with prejudice. The Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that pending motions for extensions of time (ECF Nos. 19 and 22) are GRANTED *nunc pro tunc* as of their respective filing dates.

**IT IS FURTHER ORDERED** that a certificate of appealability is DENIED.

Dated this __14__ day of January, 2016.

_____
UNITED STATES DISTRICT JUDGE